**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON BISHOP,  Case No. 1:13-cv-258
    Plaintiff,

                         Weber, J.
vs                     Bowman, M.J.

SHERIFF HAMILTON        **REPORT AND**
COUNTY, et al.,                **RECOMMENDATION**
    Defendants.

Plaintiff, an inmate at the Correctional Reception Center, brings this civil rights action against defendants Hamilton County Sheriff and two unknown fugitive warrant detectives.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action

has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this complaint against defendants under 42 U.S.C. § 1983. The complaint indicates that on March 15, 2013, plaintiff was transported from the Correctional Industrial Facility in Pendleton, Indiana to the Hamilton County Justice Center.

(Doc. 1, Complaint pp. 1-2). Plaintiff states that "the Hamilton County sheriff's department sent t[w]o unknown fugitive warrant detectives to pick plaintiff up on a fugitive warrant." *Id.* at 2. Plaintiff alleges that the property officer advised the unknown detectives that plaintiff had two boxes of legal work and medical records pertaining to a case pending in the United States District Court for the Southern District of Indiana and that plaintiff was entitled to his legal materials. *Id.* Plaintiff claims that the defendant detectives stated "that the plaintiff had to leave the property there and that it was not the[i]r responsibility to worry about [plaintiff's] legal work." *Id.* He further alleges that the defendants were advised that plaintiff's legal materials would be destroyed if he was not permitted to take the materials with him. *Id.*

As an initial matter, the Court notes that plaintiff has indicated that he has not exhausted his administrative remedies prior to filing his lawsuit. Though exhaustion of administrative remedies need not be pled specifically in the complaint, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure sua sponte dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *See Gergely v. Warren Correctional Institution*, No. 1:09-cv-757, 2009 WL 4597943, at *3 (S.D. Ohio Dec. 3, 2009) (and cases cited therein); *see also Young v. Karnes*, No. 2:07-cv-870, 2008 WL 4816227, at *3 (S.D. Ohio Sept. 10, 2008) (finding prison transfer did not prevent the plaintiff from pursuing a grievance and exhausting administrative remedies) (Report and Recommendation), *adopted* 2008 WL 4525151, (S.D. Ohio Oct. 6, 2008).

In any event, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. First, plaintiff's claims against the Hamilton County Sheriff must be dismissed because the complaint contains no factual allegation suggesting that the defendant was

3

involved in, encouraged, or was even aware of any of the allegations contained in the complaint. To the extent that plaintiff seeks to bring a claim against the Sheriff based on his role in supervising the warrant detectives, plaintiff has not stated an actionable claim for relief under § 1983. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* ___ F. App'x, No. 11-6104, 2012 WL 3871886, at *2 (6th Cir. Sept. 7, 2012) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)). In the instant case, plaintiff has made no such allegation against the defendant Sheriff. In the absence of any factual allegations indicating "direct, active participation" in the misconduct alleged herein, plaintiff has "failed to state a plausible claim" against the Sheriff. *See Koch v. Cnty. of Franklin*, No. 2:08cv1127, 2010 WL 23686352, at *10-11 (S.D. Ohio June 10, 2010) (Frost, J.) ("a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it") (internal citations and quotations omitted). Accordingly, plaintiff has failed to state a claim upon which relief may be granted against defendant Hamilton County Sheriff.

Plaintiff's claims against the two unknown warrant detectives should also be dismissed. First, as to plaintiff's First Amendment claim, plaintiff fails to allege that the destruction of his legal materials resulted in actual prejudice or injury. Under the First Amendment, prisoners have

a fundamental right of access to the Courts.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial."  *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 350-51).  "Actual injury" is not shown "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented."  *Root v. Towers,* No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000).  "In other words, an inmate who claims that his access to courts was denied fails to state a claim 'without any showing of prejudice to his litigation.'"  *Wilburn*, 43 F. App'x at 733 (quoting *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

In this case, plaintiff fails to allege any facts showing that he suffered any actual injury as a result of the destruction of his legal materials.  He has not alleged facts showing he has been unable to file court pleadings, missed court deadlines, or had a case dismissed in any nonfrivolous legal proceeding based on the defendants' conduct.  Without such allegations, plaintiff's complaint fails to state a claim for relief for a denial of access to the courts under the First Amendment.

Plaintiff has also failed to state a claim under the Fourth Amendment.  Because petitioner does not have a reasonable expectation of privacy in the circumstances alleged he has failed to state a Fourth Amendment claim based on the seizure of his lost materials.  *See Hudson v. Palmer*, 468 U.S. 517, 527 (1984).

Finally, to the extent that plaintiff asserts that the seizure of his property resulted in a due process violation, he has also failed to state an actionable claim under § 1983.  In order to assert a

due process claim, plaintiff must first plead, and ultimately prove, the inadequacy of state remedies for redressing the wrong. *See Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir.1983). *See also Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v.* Taylor, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury," *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati,* 934 F.2d 726, 731 (6th Cir.1991) (quoting *Vicory,* 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson,* 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir.1999). Therefore, plaintiff fails to state a due process claim that is actionable in this § 1983 proceeding.

Accordingly, in sum, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, it is **RECOMMENDED** that plaintiff's complaint be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice on the ground that plaintiff fails to state a claim upon which relief may be granted.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis.   Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals.   See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).


　　　　　　　　　　　　　　　　　　　　　　　*s/ Stephanie K. Bowman*
　　　　　　　　　　　　　　　　　　　　　　Stephanie K. Bowman
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON BISHOP,  
    Plaintiff,

vs

SHERIFF HAMILTON COUNTY, et al.,  
    Defendants.

Case No. 1:13-cv-258

Weber, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).