UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON BISHOP,

    Plaintiff,

v.

SHERIFF, HAMILTON COUNTY, et al.,

    Defendants.

Case No. 1:13-cv-258

Weber, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this *pro se* civil rights litigation while incarcerated at the Correctional Reception Center in Orient, Ohio. Pursuant to local practice, this case has been referred to the undersigned magistrate judge. I now recommend that this case be dismissed for failure to prosecute.

**I.    Background**

Upon initial screening under 28 U.S.C. §1915, the undersigned initially recommended that Plaintiff's claims be dismissed in their entirety for failure to state a claim.[1] (Doc. 4). Thereafter, however, Plaintiff moved to amend his complaint. The undersigned granted that motion, finding in a supplemental Report and Recommendation ("R&R") that the additional allegations were sufficient to survive screening and proceed on a single First Amendment claim. (Doc. 10).

Plaintiff had alleged in his original complaint that two unknown warrant detectives refused to transport legal materials from an Indiana institution, pertaining to a then-

---

[1] The initial R&R noted that Plaintiff had admittedly failed to exhaust his administrative remedies prior to filing suit, but did not articulate whether dismissal was also recommended on that basis. (Doc. 4 at 3).

1

pending federal case in Indiana, when they transported him to an Ohio facility. However, the initial R&R noted that "plaintiff fails to allege any facts showing that he suffered any actual injury as a result of the [resulting] destruction of his legal materials" such as being "unable to file court pleadings, missed court deadlines" or dismissal based on defendants' conduct. (Doc. 4 at 5). For that reason, the R&R recommended dismissal of Plaintiff's First Amendment claim, together with all other claims, for failure to state a claim.

In response to that R&R, Plaintiff amended his complaint to add the allegation that he was unable to file a motion for summary judgment in his favor, thereby suffering actual injury. Thus, the undersigned filed a supplemental R&R, subsequently adopted for the opinion of the Court, that recommended letting Plaintiff's First Amendment claim proceed.[2] (Doc. 10).

**II.  Analysis**

Since entry of the last R&R, two important events have occurred, both of which mandate entry of this R&R once again recommending dismissal of Plaintiff's First Amendment claim. First and foremost, the record reflects that Plaintiff has been released from custody in Ohio, but has failed to keep this Court apprised of his current address. Mail sent to the institution where Plaintiff was incarcerated when he initiated suit was returned marked "Released 6/17/13," with no forwarding address. (Doc. 13). Plaintiff had not filed a formal change of address but the Clerk of Court resent documents to a residential return address in Lawrenceburg, Indiana listed on an

---

[2] The record reflects that the Clerk forwarded to the U.S. Marshal a copy of the summons and complaint for service, but no proof of service (or proof of failure of service) has yet been filed. Rule 4(m) ordinarily requires service to be perfected within 120 days of the filing of the complaint, a deadline that has now passed. For the reasons explained herein, an order of dismissal is more appropriate at this point in time than an order directing the Clerk to reissue belated service on Plaintiff's behalf.

2

envelope mailed by Plaintiff to this Court. However, that mail was also returned as undeliverable as of September 26, 2013. (Doc. 18).

It is incumbent upon any litigant, including a *pro se* prisoner litigant, to keep the Court apprised of his current address. While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute. *See, e.g., Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009)(dismissal of pro se plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608-609 (6th Cir. 1992)(dismissal upheld in part due to counsel's failure to advise court of change of address).

The second event which favors dismissal of the instant case relates to the substance of Plaintiff's sole surviving First Amendment claim. The basis for recommending that Plaintiff's First Amendment claim be permitted to proceed was Plaintiff's allegation, in his amended complaint, of actual injury to his ability to prevail on

3

his then-pending prisoner civil rights case in Indiana. However, the undersigned takes judicial notice that Plaintiff's claims in that Indiana case have since been dismissed with prejudice based upon his failure to prosecute. Specifically, the record of *Bishop v. Corizon Medical Servs., et al.*, Civil Case No. 2:12-cv-281 (S.D. Indiana), reflects that Plaintiff's claims were dismissed with prejudice based upon his failure to keep that court advised of his current address. (Docs. 61 and 62, Order and Judgment dated October 2, 2013). There is no relationship between the dismissal of Plaintiff's lawsuit for failure to keep the Indiana court apprised of his address, and the alleged harm in this case – the unidentified Defendants' failure to transport legal paperwork relating to that case when Ohio assumed custody of Plaintiff. In short, Plaintiff's allegation of actual harm suffered in the Indiana case is refuted by the record of that case.

### III.   Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** this case be dismissed based upon Plaintiff's failure to keep the Court apprised of his current address, and corresponding failure to prosecute. In the alternative, dismissal is recommended for failure to state a claim, both in light of Plaintiff's previously acknowledged failure to first exhaust his administrative remedies, and because the allegation of actual injury that might otherwise support a non-frivolous First Amendment claim is refuted by the dismissal of Plaintiff's Indiana lawsuit for failure to keep that court apprised of his address.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON BISHOP,

    Plaintiff,

v.

SHERIFF, HAMILTON COUNTY, et al.,

    Defendants.

Case No. 1:13-cv-258

Weber, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).